IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders and<br>Janneth E. Sanders,<br>               Plaintiffs,<br>vs.<br>State of South Carolina, et al.,<br>               Defendants. | Civil Action No. 7:07-3510-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiffs' "motion for emergency hearing and temporary restraining order and preliminary injunction" (doc. no. 3). The plaintiffs, Launeil and Janneth Sanders, who are proceeding *pro se*, brought this action under Title 42, United States Code, Section 1983, complaining that they have attempted to obtain relief in South Carolina state courts but have been denied relief because of a racist court system. The dispute apparently started when they failed to pay a carpenter who worked on their house and a mechanics lien arose, resulting in their home being put for sale at auction.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The chronology of the underlying state case is set forth in the order of Gordon G. Cooper, Master-in-Equity for Spartanburg County, dated December 13, 2007:

> The Court issued its Order August 10, 2005, foreclosing the mechanic's lien of the Plaintiff [the carpenter]. The Defendants [the plaintiffs in this case] timely filed their appeal and posted a bond of . . . $6435.78. The Court withdrew the property from sale. The Defendants' appeal was denied by the Court of Appeals on December 20, 2006; whereupon the Defendants filed for a Writ of Certiorari to the South Carolina Supreme

> Court. The Supreme Court denied their request by Order dated October 18, 2007.
>
> Although the Defendants have since filed companion civil actions in the federal system, there is no Order binding on this Court which prohibits or delays the disbursement of the funds held by the Court.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the court finds that it has the jurisdiction of the funds and parties to the action. Further that the Plaintiff is entitled to his judgment amount of . . . $3217.89, plus interest of . . . $889.34 at . . . 12% since the date of the Order, and additional costs in the amount of . . . $160.61 for a total of . . . $4267.84.

Judge Cooper ordered that $4,267.84 be paid to the plaintiff's attorney, and the balance be returned to Launeil and Janneth Sanders.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

> (a)  The plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b)  whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
> (c)  the injury to the defendant if the injunction is issued; and
>
> (d)  the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair

ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

In their motion, the plaintiffs state: "That this Emergency Hearing is directly needed . . . to insure that we, the plaintiffs, have had our U.S. Constitutional Rights and our U.S. Civil Rights jammed down our throats and have exhausted all current avenues of address int the state Court system!" (m. for TRO at 2). The plaintiffs have failed to make the required showing for issuance of injunctive relief.

Therefore, it is recommended that the plaintiffs' motion (doc. no. 3) be denied.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

February 11, 2008

Greenville, South Carolina

3