IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Launeil Sanders and<br>Janneth Sanders,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Henry McMaster, et al.,<br><br>        Defendants. | )<br>)<br>)  Civil Action No. 6:07-3510-GRA-WMC<br>)<br>)  **REPORT OF MAGISTRATE JUDGE**<br>)<br>)<br>)<br>)<br>) |

This matter is before the court on the motions to dismiss of defendants David C. Alford, Henry McMaster, and the State of South Carolina. The plaintiffs, Launeil and Janneth Sanders, who are proceeding *pro se*, brought this action under Title 42, United States Code, Section 1983, complaining that they have attempted to obtain relief in South Carolina state courts but have been denied relief because of a racist court system. The dispute apparently started when they failed to pay a carpenter who worked on their house and a mechanics lien arose, resulting in their home being sold at auction. They ask, among other relief, that the decision in the state court action be reversed and remanded back to Circuit Judge Joseph Derham Cole's court for a jury trial (comp. 15), and that a temporary restraining order ("TRO") be granted barring opposing parties from acting. On March 26, 2008, the Honorable G. Ross Anderson, Jr. adopted this court's recommendation and denied the plaintiff's motion for TRO.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

Defendant Alford filed a motion to dismiss on December 27, 2007. Defendants McMaster and the State of South Carolina filed a motion to dismiss on January 2, 2008. By order filed December 28, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the summary judgment dismissal procedure and the possible consequences if they failed to adequately respond to the motions. On January 8 and 15, 2008, and March 5, 2008, the plaintiffs filed their responses in opposition to the motions to dismiss.

The chronology of the underlying state case is set forth in the order of Gordon G. Cooper, Master-in-Equity for Spartanburg County, dated December 13, 2007, which was attached to the plaintiffs' previous motions for contempt:

> The Court issued its Order August 10, 2005, foreclosing the mechanic's lien of the Plaintiff [the carpenter]. The Defendants [the plaintiffs in this case] timely filed their appeal and posted a bond of . . . $6435.78. The Court withdrew the property from sale. The Defendants' appeal was denied by the Court of Appeals on December 20, 2006; whereupon the Defendants filed for a Writ of Certiorari to the South Carolina Supreme Court. The Supreme Court denied their request by Order dated October 18, 2007.
>
> Although the Defendants have since filed companion civil actions in the federal system, there is no Order binding on this Court which prohibits or delays the disbursement of the funds held by the Court.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the court finds that it has the jurisdiction of the funds and parties to the action. Further that the Plaintiff is entitled to his judgment amount of . . . $3217.89, plus interest of . . . $889.34 at . . . 12% since the date of the Order, and additional costs in the amount of . . . $160.61 for a total of . . . $4267.84.

Judge Cooper ordered that $4,267.84 be paid to the plaintiff's attorney, and the balance be returned to Launeil and Janneth Sanders.

Defendant David Alford represented the plaintiffs in the underlying state case. In the complaint, the plaintiffs allege that Alford is a "devout racist" who committed "corrupt

2

legal malpractice" and conspired to violate the plaintiffs' constitutional rights.  The plaintiffs ask that Alford be ordered to pay $1,000.00 to a Spartanburg County indigent legal aid organization (comp. 17).  Alford has moved to dismiss the complaint against him for failure to state a claim upon which relief can be granted.  This court agrees.

In order to hold Alford liable under Section 1983, the plaintiffs must first establish that Alford was acting under color of state law in his representation of them in the underlying state action.  *See* 42 U.S.C. § 1983; *see also Goldstein v. The Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) (holding that Section 1983 applies to every person, including "private entities, but [that] liability is imposed only for deprivations carried out under color of law").  Courts have concluded that Section 1983's "under color of law" standard is "equivalent to the 'state action' requirement under the Fourteenth Amendment."  *Goldstein*, 218 F.3d at 341.  Accordingly, when interpreting Section 1983, the Fourth Circuit Court of Appeals has noted that a determination that a private entity is a state actor requires an examination of the totality of the circumstances, focusing on factors such as whether:

•      The Government did more than adopt a passive position toward the underlying private conduct[;]

•      The state delegated its obligations to the private actor[;]

•      The function performed [by the private actor] [is] traditionally the exclusive prerogative of the state[; or]

•      The private actor engaged in the private use of challenged state procedures with the help of state officials.

*Id*. at 342 (internal citations omitted).  The plaintiffs have failed to allege any facts upon which a reasonable factfinder could determine that Alford acted under color of state law.

Furthermore, in order to establish a civil conspiracy under Section 1983, a plaintiff must present evidence that the alleged conspirators acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's

3

deprivation of a constitutional right.  *Hinkle v. City of Clarksburg, West Virginia*, 81 F.3d 416, 421 (4th Cir. 1996).   Here again, the plaintiffs have failed to allege any facts upon which a reasonable factfinder could determine that Alford participated in a civil conspiracy under Section 1983.

The parties are not diverse as the plaintiffs and defendant Alford are residents of South Carolina.  28 U.S.C. § 1332.  Accordingly, it appears that the basis for subject matter jurisdiction by this court is as an action arising under the Constitution, laws, or treaties of the United States.  28 U.S.C § 1331.  As to the plaintiffs' state law claim for legal malpractice, the court should decline to exercise supplemental jurisdiction over the claim as it is recommended that the plaintiffs' federal claims against defendant Alford be dismissed.  28 U.S.C. §1367(c); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Based upon the foregoing, defendant Alford's motion to dismiss should be granted.

In the fifth claim for relief in his complaint, the plaintiff asks that defendant South Carolina Attorney General Henry McMaster, along with Seventh Circuit Solicitor Trey Gowdy, be ordered to provide "all investigative details, if any, interviews if conducted, and to surrender all other materials in their possession [to the court] concerning [the underlying state case] and plaintiffs' U.S. Constitutional and U.S. Civil Rights violations" (comp. 17-18).  From what the court can ascertain from the plaintiffs' complaint and response to the motion to dismiss, it appears the plaintiffs filed affidavits with the Attorney General in which they testified to the misconduct of certain officers of the court (doc. 68 at 3).  It is unclear from the complaint as to the exact nature of the plaintiffs' allegations against the Attorney General.  As noted above, in their claim for relief, the plaintiffs ask only that the Attorney General produce the results of any investigation done regarding the plaintiffs' allegations of misconduct by officers of the court.

4

To the extent the plaintiffs allege a Section 1983 claim against the Attorney General and/or the State of South Carolina, such claim fails. As argued by the defendants, the plaintiffs have failed to state any facts showing a deprivation of rights, privileges or immunities under either federal or state law by these defendants. If the complaint is read to include a claim for monetary damages against the Attorney General, the claim fails as state officials acting in their official capacities are entitled to Eleventh Amendment Immunity from monetary damages absent some statutory waiver. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). To the extent the plaintiffs seek a preliminary injunction against the Attorney General on their 1983 claim, the court must consider:

(a)     The plaintiff's likelihood of success in the underlying dispute between the parties;

(b)     whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c)     the injury to the defendant if the injunction is issued; and

(d)     the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). As argued by the defendants, the plaintiffs have not shown any facts to support any of these elements. Accordingly, the motion to dismiss by the Attorney General and/or the State of South Carolina (doc. 43) for failure to state a claim should be granted.

Wherefore, based upon the foregoing, this court recommends that the motions to dismiss filed by defendant McMaster (doc. 43) and defendant Alford (doc. 39) be granted.

May 22, 2008

Greenville, South Carolina

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

5