UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Launeil Sanders and Janneth Sanders, | ) | C/A No.: 6:07-cv-3510-GRA-WMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Henry McMaster, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), filed May 22, 2008. Plaintiffs originally filed suit pursuant to 42 U.S.C. § 1983, arguing that the South Carolina courts have unconstitutionally denied their pleas for relief because the court system is racist. Defendants Alford and McMaster filed motions to dismiss. The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiffs of the summary judgment procedure and the possible consequences if the plaintiffs failed to respond. Plaintiffs responded. The magistrate recommends granting the defendants' motions to dismiss. For the reasons stated herein, this court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiffs bring this claim *pro se.* This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiffs filed objections on May 29, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d 198.

Applying the requisite liberal standard to the plaintiffs' *pro se* objections, this court finds that the plaintiffs filed one specific objection. Plaintiffs state that *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000), applies for determining when an individual acts under the color of state law. After reviewing *Goldstein*, nothing therein suggests that the magistrate erred by finding that the plaintiffs' attorney was not a state actor. Therefore, this objection is without merit.

To address the plaintiffs' ostensibly specific objections numbered one and two which cite specific lines and pages of the Report and Recommendation, both of these objections are general and conclusory. Therefore, this court need not review them *de novo*. *Orpiano*, 687 F.2d at 47.

After a thorough review of the magistrate's Report and Recommendation, the plaintiffs' objections, and relevant case law, this court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT the motions to dismiss filed by Defendant McMaster and Defendant Alford be GRANTED.

      IT IS SO ORDERED.

                                         */s/ G. Ross Anderson, Jr.*
                                         G. ROSS ANDERSON, JR.
                                         UNITED STATES DISTRICT JUDGE

June 5, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

      Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiffs have the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**