UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Launeil Sanders and Janneth Sanders, | ) | C/A No.: 7:07-cv-3510-GRA-WMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Henry McMaster, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court upon a motion for reconsideration of this Court's June 5, 2008 order dismissing Defendants Alford and McMaster. Plaintiffs originally filed suit pursuant to 42 U.S.C. § 1983, arguing that the South Carolina courts have unconstitutionally denied their pleas for relief because the court system is racist. The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiffs of the summary judgment procedure and the possible consequences if the plaintiffs failed to respond. Plaintiffs responded. The magistrate recommended granting the defendants' motions to dismiss. This Court subsequently adopted that Report and Recommendation.

Plaintiffs bring this claim *pro se.* This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*,

454 U.S. 364, 365 (1982).

Under Federal Rule of Civil Procedure 60(b), a court may grant relief from a judgement or order in some instances. Such instances include, mistake, newly discovered evidence, fraud on the Court, a void judgement, a satisfied judgement or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The plaintiff asserts that this Court should reconsider its decision for two primary reasons. First, the plaintiffs argue broadly that this Court should have the ability to rule on their case. Second, the plaintiffs argue that they were victims of fraud upon the South Carolina Court of Appeals. Both of these arguments are invalid.

First, it is important to clarify that this Court did have the opportunity to rule on the dismissal of defendant's Alford and McMaster. The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Thus, this Court's adoption of the Magistrate's report and recommendation in its June 5, 2008 order was the Court's ruling on the matter.

Second, the plaintiffs argue that they have been a victim of fraud, and thus are entitled to a relief from judgement. Federal Rule of Civil Procedure 60(b)(3) provides

that a Court may grant relief in instances of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." However, it is important to note that Rule 60(b)(3) applies to fraud on the pending proceedings. As such, the plaintiffs have not demonstrated that the defendants have committed any fraud in the current action and this argument is also invalid.

Accordingly, the plaintiff's motion for reconsideration is DENIED.
IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
January 6, 2009

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiffs have the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**