UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Launeil Sanders and Janneth Sanders, | ) | C/A No.: 7:07-cv-3510-GRA-WMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Henry McMaster, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on September 16, 2008. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983. The magistrate now recommends that this Court deny the plaintiff's request to proceed *in forma pauperis* on appeal. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

The plaintiffs filed a motion for leave to proceed *in forma pauperis* on appeal on July 1, 2008. By order of the magistrate court filed July 30, 2008, the plaintiffs were directed to respond to special interrogatories of the court seeking additional information regarding apparent inconsistencies between the information provided in the plaintiffs' motion filed July 1, 2008 (doc. 138), and the information provided in a previous motion to proceed *in forma pauperis* filed November 13, 2007 (doc. 16). The magistrate gave the plaintiffs through August 22, 2008, to respond to the special interrogatories. The plaintiffs failed to respond.

Plaintiffs bring this claim *pro se.* This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiffs' failed to respond to the Magistrate's Report and Recommendation.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, the plaintiff's request to proceed *in forma pauperis* is denied.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　G. ROSS ANDERSON, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 3, 2009

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiffs have the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**