IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Launeil Sanders and Janneth Sanders, <br><br> Plaintiffs, <br><br> vs. <br><br> Henry McMaster, et al., <br><br> Defendants. | Civil Action No. 6:07-3510-GRA-WMC <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motions for summary judgment of defendants Trey Gowdy and Mark Kitchens. The plaintiffs, Launeil and Janneth Sanders, who are proceeding *pro se*, brought this action under Title 42, United States Code, Section 1983, complaining that they have attempted to obtain relief in South Carolina state courts but have been denied relief because of a racist court system. The dispute apparently started when they failed to pay a carpenter who worked on their house and a mechanic's lien arose, resulting in their home being sold at auction. They ask, among other relief, that the decision in the state court action be reversed and remanded back to Circuit Judge Joseph Derham Cole's court for a jury trial (comp. 15), and that a temporary restraining order ("TRO") be granted barring opposing parties from acting. On March 26, 2008, the Honorable G. Ross Anderson, Jr. adopted this court's recommendation and denied the plaintiff's motion for TRO. Judge Anderson has also adopted this court's recommendations and granted the motions to dismiss of defendants David Alford, Henry McMaster, and David Ingalls.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

Defendants Gowdy and Kitchen both filed motions for summary judgment on January 30, 2009. By order filed February 2, 2009, pursuant to *Roseboro v. Garrison*, 528

F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the summary judgment dismissal procedure and the possible consequences if they failed to adequately respond to the motions. On February 6, 2009, the plaintiffs filed their responses in opposition to the motions for summary judgment.

The chronology of the underlying state case is set forth in the order of Gordon G. Cooper, Master-in-Equity for Spartanburg County, dated December 13, 2007, which was attached to the plaintiffs' previous motions for contempt:

> The Court issued its Order August 10, 2005, foreclosing the mechanic's lien of the Plaintiff [the carpenter]. The Defendants [the plaintiffs in this case] timely filed their appeal and posted a bond of . . . $6435.78. The Court withdrew the property from sale. The Defendants' appeal was denied by the Court of Appeals on December 20, 2006; whereupon the Defendants filed for a Writ of Certiorari to the South Carolina Supreme Court. The Supreme Court denied their request by Order dated October 18, 2007.
>
> Although the Defendants have since filed companion civil actions in the federal system, there is no Order binding on this Court which prohibits or delays the disbursement of the funds held by the Court.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the court finds that it has the jurisdiction of the funds and parties to the action. Further that the Plaintiff is entitled to his judgment amount of . . . $3217.89, plus interest of . . . $889.34 at . . . 12% since the date of the Order, and additional costs in the amount of . . . $160.61 for a total of . . . $4267.84.

Judge Cooper ordered that $4,267.84 be paid to the plaintiff's attorney, and the balance be returned to Launeil and Janneth Sanders.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

>admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof

to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

### *Trey Gowdy's Motion for Summary Judgment*

Defendant Gowdy is the Solicitor for the Seventh Judicial Circuit of South Carolina. The complaint contains a reference to defendant Gowdy, as "a triple corrupt 7th Solicitor" and a request in the prayer for relief that the court delegate some punishment for the failure of defendant Gowdy to perform his oath via the South Carolina Constitution and the United States Constitution (comp. 2, 17-18). However, the complaint does not contain any factual allegations to support the reference that defendant Gowdy was corrupt or that he failed to perform his oath.

Defendant Gowdy argues that he should be dismissed from this action as it is well established that a prosecutor or solicitor is absolutely immune from actions taken in the prosecutorial decision-making process in initiating or continuing a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). "In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976), the Supreme Court held that a prosecutor enjoys absolute immunity from suit for conduct 'in initiating and in presenting the State's case.'" *Springmen*, 122 F.3d at 213 (quoting *Imbler*, 424 U.S. at 431).

In their response to the motion for summary judgment, the plaintiffs contend that Gowdy failed "to investigate misconduct by Officers of the Spartanburg Court" (pl. resp. m. to dismiss at 7). It is clear that the only allegations the plaintiffs present against defendant Gowdy are founded in this defendant's alleged actions, or in this case alleged inaction, in the prosecutorial decision-making process. Based upon the foregoing, defendant Gowdy is entitled to prosecutorial immunity, and his motion for summary judgment should be granted.

4

***Marc Kitchens' Motion for Summary Judgment***

Defendant Kitchens is the Clerk of Court for Spartanburg County. In their complaint, the plaintiffs allege that defendant Kitchens executed an Order of Reference on September 29, 2004, referring the state court action to the Master-In-Equity for Spartanburg County (comp. 7). This is the only factual allegation made against defendant Kitchens in the complaint. The plaintiffs allege that such action by defendant Kitchens constituted criminal racketeering and criminal forgery and that he was "triple corrupt" (comp. 3). It appears from the plaintiffs' prayer for relief that they seek only money damages from this defendant (comp. 19).

According to Kitchens' affidavit, the case of *Brian Lancaster, d/b/a Lancaster Constructions vs. Launeil Sanders, Janneth E. Sanders and Founders Federal Credit Union* was filed in the Spartanburg County Clerk of Court's Office. As the action was one brought to foreclose a mechanic's lien concerning real property located in Spartanburg County, South Carolina, Kitchens testified that he was authorized pursuant to South Carolina Rule of Civil Procedure 53 to sign an order referring the case to the Master-in-Equity for Spartanburg County, which he did on September 29, 2004 (Kitchens aff.).

Defendant Kitchens argues that he is entitled to qualified immunity as his conduct did not violate any clearly-established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). The plaintiffs have failed to demonstrate that this defendant violated any of their constitutional rights. The only action defendant Kitchens allegedly performed was to sign an order of reference to the Master-in-Equity, an action specifically authorized by South Carolina Rule of Civil Procedure 53(b). Therefore, the defendant is entitled to qualified immunity. Based upon the foregoing, defendant Kitchens' motion for summary judgment should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the motions for summary judgment filed by defendant Gowdy (doc. 186) and defendant Kitchens (doc. 187) be granted.

IT IS SO ORDERED.

March 30, 2009
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE