IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders and Janneth Sanders, | )<br>)<br>) Civil Action No. 7:07-3510-GRA-WMC<br>)<br>) **REPORT OF MAGISTRATE JUDGE**<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | |
| vs. | |
| Henry McMaster, et al., | |
| Defendants. | |

The plaintiffs, Launeil and Janneth Sanders, who are proceeding *pro se*, brought this action under Title 42, United States Code, Section 1983, complaining that they have attempted to obtain relief in South Carolina state courts but have been denied relief because of a racist court system. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The dispute at the heart of this action apparently started when the plaintiffs failed to pay a carpenter who worked on their house, and a mechanic's lien arose, resulting in their home being sold at auction. They ask, among other relief, that the decision in the state court action be reversed and remanded back to Circuit Judge Joseph Derham Cole's court for a jury trial (comp. 15), and that a temporary restraining order ("TRO") be granted barring opposing parties from acting. On March 26, 2008, the Honorable G. Ross Anderson, Jr. adopted this court's recommendation and denied the plaintiff's motion for TRO.

Judge Anderson has also adopted this court's recommendations and granted the dispositive motions of all the defendants who have appeared in this action. The one remaining defendant is Prepaid Legal Inc. On January 2, 2008, the plaintiffs submitted a certified mail receipt showing that they had served the law firm of Berry, Quackenbush, and Stuart, P.A., as the agent of Prepaid Legal, on December 19, 2007. Prepaid Legal never

appeared in this action. The plaintiffs allege that Prepaid Legal breached a contract in which Prepaid Legal had agreed to proved legal representation to them (comp. 7, 8, 15).

The parties in this action are not completely diverse as the plaintiffs and several defendants are residents of South Carolina. 28 U.S.C. § 1332. Accordingly, it appears that the basis for subject matter jurisdiction by this court is as an action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C § 1331. The plaintiffs' complaint fails to state any basis for federal claims against this defendant. As to the plaintiffs' state law claims against Prepaid Legal, the court should decline to exercise supplemental jurisdiction over the claims as all federal claims alleged in the complaint have been dismissed. 28 U.S.C. §1367(c); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that defendant Prepaid Legal be dismissed from this action and that judgment be entered for the defendants.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

May 12, 2009

Greenville, South Carolina

2