UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Launeil Sanders and Janneth Sanders, | ) | |
| | ) | C/A No. 6:07-cv-3510-GRA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Henry McMaster, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on May 12, 2009. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983. The magistrate now recommends that the defendant Prepaid Legal be dismissed form this action and that judgment be entered for the defendants. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiffs filed objections on May 20, 2009.

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The majority of the plaintiff's objections reassert and reargue the allegations in the underlying case. The Court will not address these "objections" as they are not specific nor do they direct the Court to any error that would require *de novo* review. The plaintiff objects that the defendant Prepaid Legal Services was properly served and they failed to answer. Notwithstanding the assertion that the defendant was properly served, the Court lacks jurisdiction in this case. The plaintiffs argue that the defendant is an out of state corporation which would create diversity jurisdiction. This objection is incorrect. The Court does not have subject matter jurisdiction nor supplemental jurisdiction. According to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Diversity of citizenship requires that all plaintiffs are from different states than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). This complete diversity requirement is not present in this case. The plaintiffs and several defendants are residents of South Carolina. The Court does not have diversity jurisdiction in this case.

The Court also lacks subject matter jurisdiction in this case. The original action was filed alleging a violation of federal law under 28 U.S.C. § 1983. The only arguable basis for jurisdiction in the cause of action against Prepaid Legal Services would be supplemental jurisdiction. When federal claims permitting supplemental jurisdiction over state law claims have been dismissed, the Court should decline to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c)(stating that

"district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)(stating that if the justifications for exercising supplemental jurisdiction does not exist, courts should hesitate in exercising jurisdiction over the claims). The Court declines to exercise jurisdiction over the remaining state law claims.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED that the defendant Prepaid Legal services be dismissed from the action and that judgment be entered for the defendants.

IT IS FURTHER ORDERED that the Motion for Default filed on May 20, 2009 and that the Motion for leave to file complaint against the Pre Paid Legal Inc and Oklahoma Corporate Offices be DENIED.

IT IS SO ORDERED.

*[signature: G. Ross Anderson Jr.]*

G. Ross Anderson, Jr.
Senior United States District Judge

May 26 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**